IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ROY JOE KAISER                                                                                                          PLAINTIFF

v.                    Civil No. 5:23-cv-05119-TLB-CDC

JOHN OR JANE DOE CENTERTON POLICE
OFFICERS #1-5; and JOHN OR JANE DOE
BENTON COUNTY SHERIFF DEPUTIES #1-5                                                  DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, Roy J. Kaiser ("Kaiser"), is an inmate of the Benton County Detention Center. Kaiser proceeds *pro se* and *in forma pauperis*.

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Amended Complaint (ECF No. 6) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.   BACKGROUND

According to the allegations of the Amended Complaint, on June 12, 2023, a falsified police report was made regarding Kaiser and a parole violator's warrant was issued. (ECF No. 6 at 4). On June 14, 2023, at 11:00 am, while Kaiser was sleeping in a camper located at 186 N. A Street, Centerton, Arkansas, the police entered without consent or probable cause and arrested him on a "false" terroristic threatening charge and subsequent parole revocation charge. *Id.* at 5.

1

Kaiser maintains he has been unlawfully incarcerated since his arrest. *Id.* at 4.

During a search of the camper, the police located a Camden knife, drugs, and drug paraphernalia. (ECF No. 6 at 5). Despite none of it belonging to him, Kaiser states he was charged with possession of the items. *Id.* Additionally, without due process, consent, or probable cause, the officers searched the trunk of a non-operable vehicle at the property and stole everything of value. *Id.* Among other things, the police located a firearm and charged Kaiser with possession of it despite his protests that it was not his; he had not been in possession of it; and he had informed the detective of the gun's owner. *Id.*

As relief, Kaiser seeks compensatory and punitive damages for illegal arrest, return of all property seized, dismissal of the criminal charges against him, and the filing of criminal charges against the involved officers. (ECF No. 6 at 6).

## II.     LEGAL STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting

2

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

A review of publicly accessible Arkansas state court records indicates Kaiser is currently charged in a one-count criminal information with 1st degree terroristic threatening in a case pending before Circuit Judge Brad Karren in the Nineteenth-West Circuit Court, Division 2, Bentonville, Arkansas. *State v. Kaiser,* 04CR-23-1142. An affidavit of probable cause was submitted on June 12, 2023, and an arrest warrant issued that same day.[1] In a second criminal case, Kaiser is charged in a two-count information with possession of firearms by certain persons and possession of a controlled substance. *State v. Kaiser,* 04CR-23-1141.[2] Judge Karren also presides over this case.

Pursuant to *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are required to abstain from hearing cases when "(1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented." *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005) (citing *Fuller v. Ulland,* 76 F.3d 957, 959 (8th Cir. 1996)). "If all three questions are answered affirmatively, a federal court should abstain unless it detects 'bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate.'" *Night Clubs, Inc. v. City of Ft. Smith,*

---

[1] AOC Public CourtConnect, Administrative Office of the Courts of Arkansas. https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=04CR-23-1142&begin_date=&end_date= (accessed August 7, 2023).

[2] The Court may take judicial notice of public records. *Stutz v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005). https://caseinfo.arcourts.gov/cconnect/PROD/public/ck_public_qry_doct.cp_dktrpt_frames?backto=P&case_id=04CR-23-1141&begin_date=&end_date= (accessed August 7, 2023).

*Ark.*, 163 F.3d 475, 479 (8th Cir. 1998) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982)).  Where, as here, the plaintiff is requesting damages in the federal suit, a "stay" is the appropriate mode of abstention.  *Night Clubs, Inc.*, 163 F.3d at 481 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 730 (1996) ("[W]e have permitted federal courts applying abstention principles in damages actions to enter a stay, but we have not permitted them to dismiss the action altogether.")).

This case satisfies the *Younger* factors.  First, Kaiser's claim that he has been unlawfully charged with various crimes and falsely imprisoned is intertwined with his pending state criminal cases.  Second, it is clearly established that ongoing state criminal proceedings implicate the important interest of the state in enforcing its criminal laws.  *See, e.g.*, *Meador v. Paulson*, 385 F. App'x 613 (8th Cir. 2010) (affirming dismissal of § 1983 action based on *Younger* abstention principles where there was an ongoing state criminal case).  Finally, to the extent that Kaiser claims that evidence being used against him in the state criminal proceedings was obtained in violation of his constitutional rights, such claims can be raised in those proceedings.  Kaiser, moreover, does not contend that he cannot raise his claims in the state criminal case, and he has not identified any extraordinary circumstances warranting this Court's interference in that case.  Accordingly, it is recommended that Kaiser's federal § 1983 action be stayed pursuant to *Younger v. Harris*, 401 U.S. 37 (1971) pending the resolution of his state criminal cases.

### IV.   CONCLUSION

For these reasons, it is recommended that this action be:

- **STAYED AND ADMINISTRATIVELY TERMINATED** pending the resolution of Kaiser's state criminal case; and

4

- Kaiser be allowed to have thirty (30) days after the final resolution of his pending criminal cases to file a Motion to Reopen this case. Failure to file the Motion to Reopen within this deadline should result in the summary dismissal of this case.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of August 2023.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE